IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROXIE DODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-00032 |
| v. ) | |
| ) | Chief Judge Waverly D. Crenshaw, Jr. |
| DOUG HUFFMAN, et al., ) | Magistrate Judge Alistair E. Newbern |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Pending is Plaintiff's Motion to the Clerk of This Court for Default Judgment of Amounts Certain pursuant to Federal Rule of Civil Procedure 55(b)(1) against Defendant Doug Huffman (Doc. No. 8). For the following reasons, Plaintiff's Motion is **DENIED** without prejudice.

Although Plaintiff's motion seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk construes the Motion as one for entry of default pursuant to pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.01. A plaintiff must fulfill the procedural requirements of Fed. R. Civ. P. 55(a) and seek an entry of default prior to seeking a default judgment pursuant to Fed. R. Civ. P. 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citations omitted). Plaintiff must also comply with the requirements of Local Rule 55.01.

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) ***must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746*** verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and ***(iv) if the opposing***

1

> *party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.*

L.R. 55.01 (emphasis added). The Clerk finds that Plaintiff has made a good faith effort to comply with the requirements of Local Rule 55.01; however, Plaintiff's Motion suffers from two deficiencies. First, Plaintiff included in her Motion an "Affidavit" stating, "I Roxie Dodd, do hereby certify that the statements and allegations set forth in this Motion are true and correct to the best of my knowledge and belief." (Doc. No. 8). To satisfy the requirements of Local Rule 55.01, Plaintiff must include an unsworn declaration that complies with 28 U.S.C. § 1746. The language that satisfies the requirement is as follows, "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". 28 U.S.C. § 1746(2).

Second, Plaintiff has not yet satisfied the fourth prong of Local Rule 55.01, which states that if the opposing party is an individual, the Plaintiff's unsworn declaration must verify that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Further, evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration. LR 55.01(iv).

Accordingly, Plaintiff's Motion to the Clerk of This Court for Default Judgment of Amounts Certain (Doc. No. 8) is **DENIED** without prejudice to refiling a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a) along with the required unsworn declaration and military status information.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
