IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROXIE DODD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 2:22-cv-00032 |
| v. | ) |  |
|  | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| DOUG HUFFMAN, et al., | ) | Magistrate Judge Alistair E. Newbern |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**ORDER GRANTING REQUEST FOR ENTRY OF DEFAULT AND
DENYING MOTION FOR DEFAULT JUDGMENT**

Pending is Plaintiff's Request for Default Entry pursuant to Federal Rule of Civil Procedure 55(a), (Doc. No. 13), and Motion for Default Judgment of Amounts Certain pursuant to Rule 55(b)(1), (Doc. No. 12), against Defendant Doug Huffman. For the following reasons, the Clerk **GRANTS** Plaintiff's Request for entry of default, but **DENIES** without prejudice Plaintiff's Motion for Default Judgment.

**I.     Request for Entry of Default (Doc. No. 13)**

On September 27, 2022, Plaintiff filed a Motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), which the Clerk construed as a Motion for entry of default pursuant to pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.01. (Doc. Nos. 8 and 9). The Clerk found that Plaintiff had made a good faith effort to comply with the requirements of Local Rule 55.01; however, the Motion suffered from two deficiencies resulting in the Clerk denying the Motion. (Doc. No. 9). Namely, Plaintiff did not include an unsworn declaration that complied with 28 U.S.C. § 1746, and Plaintiff did not provide information sufficient to verify that

1

the opposing party's military status as required by 50 U.S.C. § 3931(b)(1). *Id.* Plaintiff's pending Request has remedied these deficiencies.

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01 (emphasis added). The Clerk finds that Plaintiff has satisfied the requirements of Rule 55(a) and Local Rule 55.01. First, in support of Plaintiff's Request, she submits the Proof of Service declaration executed by Process Server Anthony Spada, who states under penalty of perjury that he personally served Doug Huffman on August 6, 2022 at 8331 Lori Marie Circle, Las Vegas, Nevada. (Doc. No. 13 at PageID #53). Next, Plaintiff's declaration avers that Mr. Huffman has failed to plead or otherwise defend this action and that Mr. Huffman is neither an infant nor an incompetent person. (Doc. No. 13 at PageID #54-55). Finally, Plaintiff submits a Status Report Pursuant to the Service Members Civil Relief Act confirming that Mr. Huffman is not in military service. (Doc. No. 13 at PageID #58).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, the Plaintiff's Request for Default Entry against Doug Huffman, (Doc. No. 13), is **GRANTED**.

## II.     Default Judgment of Amounts Certain (Doc. No. 12)

A plaintiff must fulfill the procedural requirements of Fed. R. Civ. P. 55(a) and seek an entry of default prior to seeking a default judgment pursuant to Fed. R. Civ. P. 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018) (citations omitted). As a preliminary matter, Plaintiff's Motion for Default Judgment was filed prematurely as Plaintiff had not yet secured entry of default. This alone is sufficient reason to deny Plaintiff's Motion; however, Plaintiff's Motion is also substantively deficient.

Upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). However, default is not considered an admission of damages. *Long v. Morgan*, 451 F. Supp. 3d 830, 832 (M.D. Tenn. 2020). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. at 832–33. Default judgment may be entered by the Clerk only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). A "claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *De'Mario Driver v. Fabish*, No. 3:13-CV-01087, 2017 WL 413719, at *1 (M.D. Tenn. Jan. 31, 2017), *report and recommendation adopted sub nom. Driver v. Fabish*, No. 13CV-01087, 2017 WL 998071 (M.D. Tenn. Mar. 15, 2017).

A "[p]laintiff cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2683 (4th ed.). However, Plaintiff's Motion for Default Judgment of Amounts Certain does just that. Plaintiff asserts that she is entitled to a total of $274,000.00 for various losses plus 10% interest. (Doc. No. 12 at PageID #41). Yet, Plaintiff has provided no supporting documentation establishing her asserted losses. For example,

Plaintiff alleges in her complaint that she lost $155,000.00 on her house when it was sold at auction. (Doc. No. 1 at PageID #3, and Doc. No. 12 at PageID # 41), but Plaintiff has provided no documentation establishing her ownership of the house, the value of the house before the sale, or the amount the house sold for at auction. Plaintiff also seeks recovery of $55,000 for items "taken by Defendant and not returned." (Doc. No. 12 at PageID # 41). Plaintiff has provided no documentation to support her claim that she purchased the items, how much she paid for each items, etc.

Without more, the Clerk cannot determine or establish, either on its face or through calculation, a sum certain claim for damages pursuant to Fed. R. Civ. P. 55(b)(1). As a result, Plaintiff's Motion for Default Judgment of Amounts Certain (Doc. No. 12) is **DENIED** in its entirety, but without prejudice to refile with sufficient documentation to establish Plaintiff's claim for damages.

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court