IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROXIE DODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:22-cv-00032 |
| v. | ) |
| | ) Chief Judge Waverly D. Crenshaw, Jr. |
| DOUG HUFFMAN, et al., | ) Magistrate Judge Alistair E. Newbern |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Pending is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), (Doc. No. 17), against Defendant Doug Huffman. For the following reasons, the Clerk **DENIES** without prejudice Plaintiff's Motion for Default Judgment.

On March 2, 2023, the Clerk granted Plaintiff's Motion for Entry of Default against Defendant Doug Huffman. (Doc. No. 14). The Clerk denied without prejudice Plaintiff's contemporaneously filed Motion for Default Judgment for two principal reasons. *Id.* First, Plaintiff's Motion for Default Judgment was premature because Plaintiff had not yet secured entry of default pursuant to Federal Rule 55(a). *Id.* Second, Plaintiff provided insufficient information to support her claim for sum-certain damages under Federal Rule of Civil Procedure 55(b)(1). *Id.*

Plaintiff filed the pending Motion for Default Judgment on May 9, 2023. (Doc. No. 17). The Motion is ripe for consideration now because Plaintiff secured the Clerk's entry of default on March 2, 2023. (Doc. No. 14). However, Plaintiff has still not provided sufficient information to support her request for sum-certain damages.

As previously explained, upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4

1

(6th Cir. July 24, 1992). However, default is not considered an admission of damages. *Long v. Morgan*, 451 F. Supp. 3d 830, 832 (M.D. Tenn. 2020). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. at 832–33. A "[p]laintiff cannot satisfy the certainty requirement simply by requesting a specific amount." 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2683 (4th ed.).

In the pending Motion, Plaintiff asserts that she lost $110,000.00 on her house when it was sold at auction. (Doc. No. 17). As previously noted by the Clerk when denying Plaintiff's first motion for default judgment, Plaintiff has provided no documentation establishing her ownership of the house (e.g., a deed or tax record), the value of the house before the sale (e. g., an appraisal or purchase information, etc.), proof that Defendant auctioned the house, sales records, etc. In support of her request, Plaintiff does provide a copy of what appears to be a Zillow "Zestimate" of the value of a home located at 501 Sevier St. Livingston, TN 38570, which also includes information regarding when the property was last sold. (Doc. No. 17 at PageID # 69). Yet, this information does not evidence Plaintiff's interest in the property and does not sufficiently support Plaintiff's claim for damages.

Plaintiff also reports that she lost money on silver that the Defendant took from her in an amount of $17,913.00, and references a purchase receipt as Exhibit B. However, filing does not include an Exhibit B.

Based upon the information provided, the Clerk cannot determine or establish, either on its face or through calculation, a sum certain claim for damages pursuant to Fed. R. Civ. P. 55(b)(1). As a result, Plaintiff's Motion for Default Judgment (Doc. No. 17) is **DENIED**, but without prejudice to refile with sufficient documentation to establish Plaintiff's claim for damages.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court
