UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ROXIE DODD,<br><br>    Plaintiff,<br><br>v.<br><br>DOUG HUFFMAN et al.,<br><br>    Defendants. | Case No. 2:22-cv-00032<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

On May 21, 2024, the Court found that pro se Plaintiff Roxie Dodd had not complied with its order to file another amended motion for default judgment against Defendant Doug Huffman by March 31, 2024, and had not taken any other action in the case. (Doc. No. 23.) The Court therefore ordered Dodd to show cause why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Dodd's failure to prosecute her claims and to file any amended motion for default judgment she wanted the Court to consider with her show-cause response by June 11, 2024. (*Id.*) Dodd filed a combined amended motion for default judgment and response to the Court's show-cause order on June 14, 2024. (Doc. No. 24.) For the reasons that follow, the Magistrate Judge will recommend that the Court deny Dodd's amended motion for default judgment and dismiss this action without prejudice under Rule 41(b).

I.    **Relevant Background**

Dodd initiated this action on July 12, 2022 (Doc. No. 1), and filed an amended complaint on July 28, 2022 (Doc. No. 4). Dodd paid the Court's civil filing fee (Doc. No. 5) on the day she filed her amended complaint, which is the operative pleading in this action. Dodd alleges that

Huffman, who resides in Las Vegas, Nevada, promised her that, if she sold her home in Tennessee and came to live with him in Las Vegas, Huffman "would take care of her for the rest of her life and would take her to the place of safety in Zion[, Utah]." (Doc. No. 4, PageID# 17, ¶ 8.) Dodd alleges that she sold her house at auction and went to live with Huffman based on those promises and that she "lost $155,000.00 on the house by the auction." (*Id.*) Dodd states that Huffman also "promised to sell his house and for both [Dodd] and [Huffman] to travel to Zion the place of safety in Utah[,]" but Huffman "did not sell his house nor did both travel as promised." (*Id.*) Instead, "[a]fter one year and a half[,] [Huffman] kicked [Dodd] out of [his] house" and "[s]tole $10,000.00 in coins" from her. (*Id.* at PageID# 18, ¶ 9.) Dodd further alleges that Huffman "did not reimburse" her for the cost of electricity, groceries, and other household items that she purchased, "which totaled $55,000.00." (*Id.*) Dodd's amended complaint alleges claims of breach of agreement, theft of valuables, and fraud and seeks monetary damages. (Doc. No. 4.)

The Court referred this action to the Magistrate Judge for case management and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 7.) The Court also informed Dodd that she "is responsible for effecting service of process on [Huffman] in accordance with Federal Rule of Civil Procedure 4" and pointed Dodd to a copy of the Federal Rules available online and other "[a]dditional resources for pro se litigants" "available on the Court's website" "including forms, handbooks, and information sheets[.]" (*Id.* at PageID# 27.)

Dodd moved for entry of default judgment against Huffman under Federal Rule of Civil Procedure 55(b)(1) on September 27, 2022, including with her motion an executed summons showing that a private process server served Huffman on August 6, 2022, and asking the Court to award her $274,000.00 in damages. (Doc. No. 8.) The Clerk of Court construed Dodd's motion

"as one for entry of default pursuant to . . . Federal Rule of Civil Procedure 55(a) and Local Rule 55.01" and denied the motion without prejudice to refiling in compliance with those rules. (Doc. No. 9, PageID# 36.) Dodd filed a motion for default judgment under Rule 55(b)(1) (Doc. No. 12) and a request for entry of default (Doc. No. 13) on January 13, 2024. On March 2, 2023, the Clerk of Court granted Dodd's request for entry of default (Doc. No. 13) against Huffman under Federal Rule of Civil Procedure 55(a). (Doc. No. 14.) The Court found, among other things, that Dodd had submitted proof that she effected service of process on Huffman in accordance with Rule 4 and that Huffman had failed to plead or otherwise defend against this action. (*Id.*) However, the Clerk of Court denied Dodd's motion for default judgment (Doc. No. 12) without prejudice to refiling, finding that Dodd had "provided no supporting documentation establishing her asserted losses" and explaining that, "[w]ithout more, the Clerk cannot determine or establish, either on its face or through calculation, a sum certain claim for damages pursuant to Fed. R. Civ. P. 55(b)(1)." (Doc. No. 14, PageID# 63.)

Dodd filed an amended motion for default judgment on May 9, 2023. (Doc. No. 17.) The Clerk of Court denied Dodd's second motion without prejudice to refiling because Dodd had "still not provided sufficient information to support her request for sum-certain damages." (Doc. No. 18, PageID# 71.) For example, the Clerk of Court found that Dodd "provided no documentation establishing her ownership of the house (e.g., a deed or tax record), the value of the house before the sale (e.g., an appraisal or purchase information, etc.), proof that [Huffman] auctioned the house, sales records, etc." to support her assertion "that she lost $110,000.00 on her house when it was sold at auction." (*Id.* at PageID# 72.) While Dodd attached "a copy of . . . a Zillow 'Zestimate' of the value of a home located at 501 Sevier St. Livingston, TN 38750[,]" including "information regarding when the property was last sold[,]" the Clerk of Court explained that "this information

does not evidence [Dodd's] interest in the property and does not sufficiently support [her] claim for damages." (*Id.*) While Dodd alleged "that she lost money on silver [coins] that [Huffman] took from her in an amount of $17,913.00" and referenced "a purchase receipt" attached to her motion for default judgment "as Exhibit B" (*id.*), the Clerk of Court found that Dodd's motion did not include that exhibit. (Doc. No. 18.) The Clerk therefore denied Dodd's motion again "without prejudice to refile with sufficient documentation to establish [her] claim for damages." (*Id.* at PageID# 72.)

Dodd filed a third motion for default judgment and attached three exhibits to support her damages claims. (Doc. Nos. 20, 20-1.) The Court described the three exhibits as follows:

> The first exhibit is a warranty deed for a property on Sevier Street in Livingston, Tennessee, showing that, on May 8, 2006, Nina Carr conveyed the property to Dodd "*FOR AND IN CONSIDERATION* of the sum of Ten and 00/100 ($10.00) Dollars, cash in hand paid by [Dodd], plus other valuable consideration[.]" (Doc. No. 20-1, PageID# 79.) The second exhibit is a warranty deed for the same property, identified as 501 Sevier Street, Livingston, Tennessee, 38570, showing that, on October 20, 2020, Dodd conveyed the property to Jon Kefauver "[f]or and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid by" Kefauver "and other good and valuable considerations[.]" (*Id.* at PageID# 82.) And the third exhibit is an order invoice from "GovMint.com" dated January 7, 2021, showing the purchase of 550 "2021 CANADA $5[.00] 1-OZ SILVER MAPLE LEAF COIN[S]" for $17,913.50 plus $1,500.00 in sales tax for a total amount paid of $19,413.76. (*Id.* at PageID# 84.) The invoice reflects shipment of the order via "FedEx Home Delivery" to Dodd at an address in Las Vegas, Nevada. (*Id.*)

(Doc. No. 22, PageID# 88 (alterations in original).)

The Court found that these exhibits were insufficient to support Dodd's request for damages:

> While the newly provided warranty deeds support Dodd's assertion that she owned the Sevier Street property from 2006 to 2020, they do not support her claim that she lost $110,000.00 on the property when it was sold at auction in 2021. The order invoice supports a finding that $17,913.50 worth of silver coins were shipped to Dodd in Las Vegas, but the invoice does not include any information about who paid for the order, and Dodd has not submitted any other documentation, such as a credit card statement, to support her claim that she paid for and owned the coins.

4

Case 2:22-cv-00032    Document 25    Filed 10/30/24    Page 4 of 11 PageID #: 103

(*Id.* at PageID# 89.) The Court therefore found that "Dodd ha[d] not shown that she is entitled to sum certain damages under Rule 55(b)(1)" and directed the Clerk of Court to administratively terminate Dodd's motion for default judgment. (*Id.*) In recognition of Dodd's pro se status, the Court allowed Dodd another "opportunity to file a properly supported motion for default judgment for a sum certain under Rule 55(b)(1) or for an amount to be determined by the Court under Rule 55(b)(2)" and ordered Dodd to "file any amended motion by March 31, 2024." (*Id.*)

On May 21, 2024, the Court found that Dodd had not filed an amended motion for default judgment or taken any other action in this case since the Court's prior order. (Doc. No. 23.) Accordingly, the Court ordered Dodd to show cause by June 11, 2024, why the Magistrate Judge should not recommend that the Court dismiss this action under Rule 41(b) for Dodd's failure to prosecute her claims. (*Id.*) The Court further ordered Dodd to file any amended motion for default judgment by the same date. (*Id.*)

On June 14, 2024, the Court received Dodd's "2nd amended motion for default judgment and response to order to show cause[.]"[1] (Doc. No. 24, PageID# 92.) Dodd asks the Court to "[p]lease excuse [her] for taking so long to get back to the court under the excusable neglect rule of civil procedures of the Federal Courts." (*Id.* at PageID# 93.) She states that she "diligently sought another receipt for the silver but cannot obtain one" and that she also "does not have receipts for" the $55,000.00 worth of electricity, groceries, and other household expenses alleged in her amended complaint because Huffman "has kept those receipts and will not return them to [her]." (*Id.*) Dodd states that she "attached the grant deed that the court has requested" to her latest motion (*id.*), but the only included document appears to be the same warranty deed that Dodd previously

---

[1] The docket reflects that this is Dodd's fourth motion for default judgment. (Doc. Nos. 8, 12, 17, 20, 24.)

filed (Doc. No. 20-1) showing the conveyance of the property in Livingston from Carr to Dodd in 2006 for $10.00 (Doc. No. 24-1). Dodd asks the Court to grant "default judgment on the documents that [she] has proffered." (Doc. No. 24, PageID# 94.)

II. Analysis

A. **Dodd's Motion for Default Judgment and Show-Cause Response**

The Court finds that the documentation provided with Dodd's fourth motion for default judgment remains inadequate to support her request for sum certain damages under Rule 55(b)(1). The Court explained in its February 1, 2024 order why the documents that Dodd has filed in this action thus far are insufficient to establish sum certain damages under Rule 55(b)(1) and afforded Dodd another opportunity to file a properly supported motion for default judgment or to move for damages in "an amount to be determined by the Court under Rule 55(b)(2)." (Doc. No. 22, PageID# 89.)

Dodd has not included any documentation to support her claim for sum certain damages under Rule 55(b)(1) that the Court has not already considered and found inadequate. (Doc. Nos. 24, 24-1.) Further, Dodd continues to ask only for sum certain damages under Rule 55(b)(1) and does not seek the alternate relief that the Court addressed in its February 1, 2024 order of asking the Court to determine the appropriate amount of damages under Rule 55(b)(2). Dodd's motion thus remains inadequate for the same reasons stated in the Court's February 1, 2024 order. The Magistrate Judge will recommend that the Court deny Dodd's fourth motion for default judgment.

B. **Dismissal Under Rule 41(b)**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing

*Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of

his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Dodd.

### 1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Dodd's failure to file an amended motion for default judgment by March 31, 2024, as ordered by the Court or her failures to file a properly supported motion for default judgment. However, "[e]ven where there is no evidence that a party's noncompliance is the result of bad faith or willfulness, fault may be established by a pattern of failure to fulfill court orders." *Simmons v. Towing*, Case No. 19-11726, 2022 WL 375919, at *6 (E.D. Mich. Feb. 7, 2022); *see also Simmons v. Henry Ford Health Sys.*, Case No. 18-cv-14058, 2023 WL 1767473, at *4 (E.D. Mich. Feb. 3, 2023) ("Under Rule 41(b), a litigant's fault may be established by 'a pattern of failure to fulfill court orders.'" (quoting *Towing*, 2022 WL 375919, at *6)). The docket reflects a pattern of Dodd's failure to fulfill the Court's orders despite the Court explaining the requirements of Rule 55(b) and providing multiple opportunities to file a properly supported motion for default judgment. This factor therefore weighs in favor of dismissal.

## 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Huffman has not appeared or responded to Dodd's claims in this action. This factor therefore weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

## 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court's show cause order warned Dodd that failure to comply with that order—including failure to file a properly supported motion for default judgment as directed by the Court's February

1, 2024 order—would "likely result in a recommendation that the Court dismiss her claims in this action." (Doc. No. 23, PageID# 91.) This factor therefore weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

### III. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Dodd's amended motion for default judgment (Doc. No. 24) be DENIED and that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Dodd's failure to comply with the Court's orders and prosecute her claims.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of October, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge